IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHELTON HALL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:12-cv-797 |
| STATE OF TENNESSEE, | ) ) Judge Haynes |
| Respondent. | ) ) |

ORDER

Petitioner, Shelton Hall, filed this action under 28 U.S.C. § 2241 seeking the writ of habeas corpus. Petitioner challenges the revocation of his probation by the Rutherford County Circuit Court. (Docket Entry No. 5.) Under Rule 4 of the Rules Governing Section 2241 and § 2254 cases, if "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition.

A. Factual Background

According to his petition and the documents attached thereto, Petitioner was convicted in July 2007 and again in April 2009 on various narcotics offenses in the Rutherford County Circuit Court. In April 2009, that court sentenced Petitioner to a twelve-year term of probation, or "Community Corrections." (*See* Docket Entry No. 5-1, at 4, "Conditions of Community Corrections Order" dated April 22, 2009). On September 23, 2011, the Petitioner was found guilty of violating several of the terms of the Community Corrections Order. (Docket Entry No. 5, at 9, "Violation of Probation Order"). With his probation revoked, Petitioner returned to prison to serve his sentences.

In this petition, Petitioner effectively seeks to appeal the state trial court's order revoking his probation and disputes the state court's factual findings for the revocation of Petitioner's

probation. Petitioner also contends that he had a "conflict of interest" with his community corrections officer (Petition, Docket Entry No. 5, at 6), but admits that he did not appeal the Order revoking his probation. Id. at 3. Thus, this action is his "first appeal to the Courts." Id. Petitioner seeks placement on "Community Corrections" and to send him to in-patient or out-patient drug treatment. Id. at 8.

## B. Legal Analysis

A habeas corpus petition under 28 U.S.C. §§ 2241 and 2254 is the appropriate vehicle by means of which an inmate currently serving a sentence under a judgment entered against him by a state court may seek relief from his conviction or sentence, or challenge the execution of his sentence. *See Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (noting that 28 U.S.C. § 2241 "grants power to federal courts to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States," and that § 2254 "implement[s] [existing] authority with respect to state prisoners" *Allen v. White*, 185 F. Appx. 487, 489 (6th Cir. 2006)); (quoting § 2241). The Sixth Circuit allows state prisoners to challenge the execution of their sentences under § 2241, but subject to the restrictions imposed by § 2254. Id. at 490 (citations omitted).

The standard for reviewing applications for the writ of habeas corpus brought by a prisoner serving a sentence under a state-court judgment is set forth in 28 U.S.C. § 2254(d). Under this provision, a federal court may not grant a habeas petition unless the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* Additionally, this court must presume

the correctness of state court factual determinations, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous."), *abrogated on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995).

However, before even reaching the merits of a habeas corpus petition, the Court must ascertain whether Petitioner has exhausted all available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. *Cullen v. Pinholster*, --- U.S. ----, ----, 131 S. Ct. 1388, 1398 (2011); see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *id.* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")

To exhaust his claims, Petitioner must "fairly present" each claim to all levels of state court review, up to and including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), except where, as in Tennessee, the state has explicitly disavowed state supreme court review as an available state remedy. *O'Sullivan v. Boerckel*, 526 U.S. 837, 847–48 (1999). In Tennessee, review by the Tennessee Court of Appeals is sufficient for exhaustion. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (noting Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to "be deemed to have exhausted all available state remedies).

A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). Alternatively, he must show that exceptional circumstances exist which would make exhaustion unnecessary. *Cf. Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Here, Petitioner has not shown either that he exhausted his state-court remedies or that exceptional circumstances exist that make exhaustion unnecessary. Although Petitioner refers to this action as his "first appeal" (Petition, Docket Entry No. 5, at 3), the federal district court is not an appellate court and is not authorized to review Tennessee state court decision until after the exhaustion of all state remedies. The Court concludes that this petition must be summarily dismissed to permit Petitioner to exhaust his remedies within the state system.

Accordingly, Petitioner Shelton Hall's petition for a writ of habeas corpus is **DISMISSED without prejudice**. Any outstanding motions in this case are **DENIED as moot**.

In accordance with Rule 11 of the Rules Governing § 2254 Cases, the Court **DENIES** a certificate of appealability. Petitioner therefore may not appeal the dismissal of his present petition unless he first obtains a certificate of appealability directly from the Sixth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

ENTERED this the 10th day of August, 2012.

WILLIAM J. HAYNES, JR.
Chief District Judge